## BUTLER & a. v. SELECTMEN OF PELHAM.

The act of December 19, 1848, enacts that the provisions of the "Somersworth act," so called, shall be applicable to all school districts which may adopt the act at a legal meeting. The second section provides that any school district which may adopt the act, may elect their own superintending committee, at any legal meeting held for that purpose, in the month of March, and if they do not choose any committee, the selectmen shall appoint a special committee for the district. *Held* that where a district had adopted the act, and had not chosen any committee, it was the duty of the selectmen to appoint a committee, and in case of their refusal to do so, a peremptory mandamus should issue.

A school district voted to adopt the provisions of the act of December 19, 1848, extending the "Somersworth act," so called, to such districts as should adopt it, instead of voting to adopt the provisions of the Somersworth act itself, passed on the 19th of June, 1848. *Held* that the vote was invalid.

PETITION for a mandamus.

The following facts appeared in the case:

On the thirtieth of March, 1849, the petitioners were

chosen the prudential committee of district No. 3 in Pelham.

At a meeting of the district, held on the twelfth of May, 1849, the district voted to adopt the act entitled " An act relating to school district No. 3 in Somersworth," whereby all the authority given to district No. 3 in Somersworth, was vested in this district. By such adoption, the district was without a superintending school committee, and no teacher could be employed by the petitioners. On the eighteenth of June, 1849, the district served a notice on the selectmen of Pelham, that at a meeting, on the twelfth of May, the district voted to adopt the act of June 19th, 1848, that no superintending committee could be chosen by the district, agreeably to the provisions of the act of December 19th, 1848, to empower school districts to establish and maintain high schools, and requesting them to appoint a superintending committee, without delay, according to said act.

The petition states that the selectmen refuse so to appoint, and that the district is without a superintending committee to approve teachers and give certificates, and are deprived of the use of their school money, and of their public school during the summer, and prays that a mandamus may issue to the defendants, commanding them to do their duty, and appoint a committee.

On the 29th of August, 1849, an alternative mandamus was issued, commanding the defendants to appoint a committee, or show cause to the contrary, and to make return upon the writ, on the second Tuesday of December.

The return states that, at the meeting on the 30th of March, 1849, Bixby, A. D. Butler, J. E. Butler, Runnels and Marshall were elected superintending school committee; that the votes of the district in relation to the law of December 19th, 1848, were a fraud on the law, and intended to avoid the decision of the superior court, and to compel the district to pay for two school houses, in derogation of that decision; that under the act of June 19th, 1848, and of Decem-

ber 19th, 1848, and the votes of the district, they had no power to appoint a superintending school committee.

On the 13th of March, 1849, a warrant was issued for a school meeting in the district, the fifth article in which was, " to see if the district will vote to adopt an act entitled ' An act to empower school districts to establish and maintain high schools,' approved December 19, 1848."

The 10th article was, " to see if the district will choose a superintending school committee."

At the meeting on the 30th of March, pursuant to the warrant, the district voted, as to the 5th article, to lay it on the table. Under the tenth article, they chose Bixby and others a superintending school committee.

*Atherton* and *Sawyer*, for the petitioners.

*Morrison*, for the town.

Gilchrist, C. J. The act of June 19, 1848, relating to school district No. 3 in Somersworth, commonly called the " Somersworth act," provides that the selectmen of that town shall annually, on or before the 20th day of April, appoint a superintending school committee for district No. 3.

The third section enacts that the district may maintain one or more high schools, &c.

The act of December 19, 1848, extends the provisions of the Somersworth act to all school districts which may adopt the act, at legal meetings held for that purpose. The second section provides that any school district which may adopt the act, may elect their own superintending committee, at any legal meeting held for that purpose, in the month of March, annually, and if the committee shall not be chosen by the district, then the selectmen of the town shall appoint a special superintending school committee for the district.

By the general law concerning the regulation of schools, a superintending school committee is to be elected annually

by the town, in the month of March, and if the town neglect to choose a committee, one is to be appointed by the selectmen, before the twentieth day of April. Rev. Stat., ch. 73, § 1.

It is very evident that Bixby and others were not legally elected superintending school committee by this district, at the meeting held on the 30th of March. The article in the warrant related to the adoption of the act of December 19, 1848, whereas it should have related to the act of June 19, 1848, and the article was laid on the table. They had then no authority to elect a superintending school committee.

On the 21st of April, 1849, a warrant was issued for a meeting on the 12th of May, the second article in which was to see if the district would adopt the act of June 19, 1848, and at the meeting it was voted to adopt the act.

Now the Somersworth act has no force in any district, until it has been there adopted at a legal meeting, and the subsequent act of December 19th, extends its provisions to all such districts. It is not the act extending the provisions of the Somersworth act which is to be adopted by a district, but the Somersworth act itself, and consequently the proceedings of the district, prior to the vote of the 12th of May, had no validity.

The selectmen say in their return, that under the laws, and the votes of the district, they had no power to appoint a special superintending school committee. But the mere adoption of the Somersworth act, by the district, is not all that is to be done. A committee is to be appointed, and by the second section of the act of December 19, if this duty is not performed by the district, the selectmen are to discharge it. Their duty appears to us to be too plain to admit of misconception. By reason of their conduct, the district was left without a committee, and the judgment of the court is that the costs of this proceeding should be taxed against them, and we shall direct a

*Peremptory mandamus.*